IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JAMES MICHAEL FLIPPO, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:05-0765 |
| ) | |
| THOMAS L. McBRIDE, Warden, ) | |
| Mount Olive Correctional Complex, ) | |
|     Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 15, 2005, Petitioner, an inmate at Mount Olive Correctional Complex [MOCC], and acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1-2.) Petitioner alleges the following grounds for *habeas* relief:

> **Ground one**: Due Process - Introduction of false junk science.
> **Supporting FACTS**: State's "Expert" testified that by looking at my bruises with his naked eye, without using any instruments, doing any tests or even taking a medical history, he could swear that I was not unconscious three days earlier. This was false & medically impossible.
>
> **Ground two**: Giglio/Napue
> **Supporting FACTS**: The State introduced the above testimony when it knew, or should have known it was false.
>
> **Ground three**: Due Process - State's "Expert" allowed to tell jury that he believed Defendant to be lying.
> **Support FACTS**: The same State witness who gave the junk science testimony was allowed to give his personal opinion that he believed the Defendant to be lying.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> **Ground four**: Ineffective assistance of counsel.
> **Supporting FACTS**: According to the opinion of both the Circuit Court and the W.V. Supreme Court of Appeals, trial defense counsel opined to the jury the claim that the Defendant is homosexual. This was irrelevant to the case and highly prejudicial.

(Document No. 2, pp. 4-5.) Petitioner filed a further Application to Proceed *in Forma Pauperis* on September 16, 2005. (Document No. 4.) By Orders filed on September 21 and 29, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document Nos. 5-6.) For the reasons stated below, the undersigned has concluded that Petitioner's Applications to Proceed *in Forma Pauperis* must be denied.

## ANALYSIS

Pursuant to federal statute, a filing fee of $5.00 is required to commence a *habeas corpus* action in federal district court. 28 U.S.C. § 1914(a). The Court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Petitioner has filed an *in forma pauperis* affidavit in which he states that at the time of filing his § 2254 Petition, he was unemployed[2] and that he has neither received in the past twelve months any money from any source, nor that he possesses any valuable assets. (Document No. 3, pp. 1-2.) Despite Petitioner's statement that he has not received money from any source in the past twelve months, his Trust Account Statement reveals nine "Postal Receipt" entries from March 1, 2005 through September 13, 2005,

---

[2] Although Petitioner states that he is currently unemployed, the undersigned notes that his Trust Account Statement, attached to his Application, indicates a "Payroll Receipt" in the amount of $6.00 on September 12, 2005. (Document No. 3, p. 9.) Further nominal entries are reflected on March 15, April 15, and August 8, 2005. (*Id*., pp. 4-9.) For purposes of reviewing his Application however, the undersigned considers Petitioner as unemployed as he has stated.

totaling $3,850.00. (Id., pp. 3-9.) The Certificate of the MOCC Trustee Clerk indicates that as of September 16, 2005, Petitioner had a prisoner account balance of $795.80, a six-month deposit average of $639.66, and a six-month average balance of $1,934.30. (Id., p. 2.) The balance of Petitioner's prisoner account shows that Petitioner is able to pay the filing fee and costs. Thus, Petitioner has made an inadequate showing of indigency. Accordingly, Petitioner's Applications to Proceed *in Forma Pauperis* must be denied. The undersigned recommends that the District Court grant Petitioner a period of twenty days in which to submit the appropriate filing fee to the Clerk of the Court and caution him that failure to pay the filing fee may result in dismissal of the instant action without prejudice.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Applications to Proceed *in Forma Pauperis* (Document Nos. 1 and 3.) and direct Petitioner to submit the $5.00 filing fee within twenty (20) days from the entry of the District Court's Judgment Order and refer this matter back to the undersigned for the scheduling of further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, *pro se*.

ENTER: October 17, 2005.

R. Clarke VanDervort
United States Magistrate Judge